UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL PRICE, CDCR #G-51247,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TRUJILLO, Correctional Lieutenant; RODRIGUEZ, Correctional Sergeant; BERMUDEZ, Correctional Officer,<br><br>　　　　　　　　　　　　Defendants. | Case No.  25-cv-01396-DMS-AHG<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 2]** |

　　　　Plaintiff Immanuel Price, proceeding pro se and while incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this civil rights action filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Price claims three correctional officials at Calipatria State Prison ("CAL") falsely accused him of threatening Correctional Officer Bermudez on April 2, 2025, placed him in restricted housing during the investigation, and transferred him to SVSP in order to interfere with his right to access to the court and his ability to litigate. *Id.* at 3–4.

/ / /

1

Price did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he filed a certified copy of his prison trust account statements for the six-months preceding the filing of this action, which the Court construes as a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. But for the reasons explained, the Court denies Price's motion and dismisses his case.

## I.   IFP MOTION

### A.   Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Price, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

/ / /

---

[1] The court charges an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, Section 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

B. Discussion

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances as a review of both district and appellate dockets show Price is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Price's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice

of its own records in other cases, as well as other courts' records). The following docket records are sufficient to show Price has six qualifying strikes:

(1) *Price v. San Diego Central Jail, et al.,* Case No. 3:16-cv-00668-CAB-BLM (S.D. Cal. Aug. 1, 2016) (Order dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)) (ECF No. 13);[2]

(2) *Price v. Scott, et al.*, Case No. 3:16-cv-00411-DMS-NLS (S. D. Cal. Feb. 28, 2017) (Order dismissing civil action for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)) (ECF No. 23);

(3) *Price v. Scott, et al.*, No. 17-55336 (9th Cir. June 14, 2017) (Order denying appellant's motion to proceed IFP and dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)) (Dkt. No. 50);

(4) *Price v. Galiu, et al.*, No. 3:16-CV-00412-BEN-PCL, 2017 WL 6371770, at *4 (S.D. Cal. Dec. 12, 2017) (Order granting defendants' motion to dismiss second amended complaint for failing to state a claim without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 60), *aff'd*, 723 F. App'x 557 (9th Cir. 2018);

(5) *Price v. Harris, et al*, No. CV 18-9682-RGK (SP), 2019 WL 8012379, at *9 (C.D. Cal. July 23, 2019) (Order dismissing first amended complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A with leave to amend) (ECF No. 12); *id*., 2020 WL 2307241, at *3 (C.D. Cal. May 5, 2020) (Order dismissing action for failure to amend and/or prosecute) (ECF No. 14); and

(6) *Price v. Ebler, et al*., No. 2:17-CV-2020 AC, 2020 WL 1923168, at *3 (E.D. Cal. Apr. 21, 2020) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A with leave to amend) (ECF No. 13); *id.* (E.D. Cal. July 21, 2020) (Order and Findings and Recommendations ["F&Rs"] to dismiss civil action for failure to amend and/or prosecute) (ECF No. 15); *id.* (E.D. Cal. Aug. 24, 2020) (Order adopting F&Rs and dismissing civil action) (ECF No. 16).

---

[2] *See Harris*, 863 F.3d at 1142 (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

Because Price accumulated these prior strike dismissals while incarcerated, he may not proceed IFP in this case unless he meets § 1915(g)'s "imminent danger" exception.[3] To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

Price's complaint fails to include plausible allegations of immediate or "ongoing danger" of serious physical injury. *Cervantes*, 493 F.3d at 1057. Instead, Price claims he was falsely accused of threatening a CAL correctional officer in April 2025, and then transferred to SVSP in an effort to interfere with his ability to access a "mental health program" and to litigate effectively. *See* Compl. at 3–5. But § 1915(g)'s "imminence prong of the three-strikes exception" cannot be triggered by past injury or by speculative fear of future harm. *Cervantes*, 493 F.3d at 1053, 1057; *see also Hammler v. Godfry,* 2025 WL 2391075, at *3 (E.D. Cal. Aug. 18, 2025) (finding "possible future harm [due to prison transfer] insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)."); *Trevino v. Sheehan*, 2023 WL 4601730, at *1 (E.D. Cal. July 18, 2023) (finding allegations of false disciplinary charges brought in retaliation for prisoner's litigative activity insufficient to support showing of "imminent" or "ongoing"

---

[3] In fact, Price's § 1915(g) bar has already been noted by the Central, Eastern, and Northern Districts of California. *See, e.g., Price v. Sanchez, et al.*, Case No. 4:19-cv-04690-JSW (N.D. Cal. June 5, 2020) (Order granting motion to vacate in forma pauperis status pursuant to 28 U.S.C. § 1915(g)) (ECF No. 51); *Price v. Igbal*, No. 2:20-CV-1439 TLN KJN P, 2021 WL 3488002, at *2 (E.D. Cal. July 12, 2021), *report and recommendation adopted sub nom. Price v. Iqbal*, 2021 WL 3884174 (E.D. Cal. Aug. 31, 2021); *Price v. McDuffy, et al.*, Case No. 2:23-cv-10426-RGK-SP (C.D. Cal., Jan. 8, 2024) (Order denying IFP pursuant to 28 U.S.C. § 1915(g)) (ECF No. 10).

danger), *report and recommendation adopted*, 2023 WL 5534264 (E.D. Cal. Aug. 28, 2023); *Gonzales v. Castro*, 2010 WL 2471030 at *2 (E.D. Cal. June 9, 2010) (finding prisoner's allegations of retaliation and "interference with litigation" insufficient to "constitute a real danger . . . or even an ongoing threat" of "serious physical injury" under § 1915(g)).

For these reasons, the Court finds Price is not entitled to the privilege of proceeding IFP in this case. "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris*, 863 F.3d at 1139.

## II. CONCLUSION

Accordingly, the Court: (1) **DENIES** Price's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action without prejudice based on Price's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and (4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  September 24, 2025

Hon. Dana M. Sabraw
United States District Judge